IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
1:18 CV 128

| | |
|---|---|
| RODNEY ALAN HOPPER, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | MEMORANDUM AND |
| ) | RECOMMENDATION |
| GENERAL ELECTRIC COMPANY, ) | |
| ) | |
| Defendant. ) | |
| ) | |

This matter is before the Court on Defendant's Motion to Dismiss and to Compel Arbitration (# 4) and Plaintiff's "Motion to Continue Case" (# 9). The issues have been fully briefed, and the matter is now ripe for ruling. For the reasons addressed below, this Court will recommend that Defendant's motion be granted, and Plaintiff's motion be denied.

I.      **Procedural Background**

On May 14, 2018, Plaintiff, proceeding pro se, filed this action. See Compl. (# 1). On June 6, 2018, Defendant filed the instant Motion to Dismiss and to Compel Arbitration (# 4)[1] and a Memorandum in Support (# 4-2). On June 19, 2018, Plaintiff filed a "Motion to Continue Case" (# 7). On June 25, 2018, Defendant filed a Response (# 8). On July 3, 2018, Plaintiff filed another "Motion to Continue Case" (# 9). On July 16, 2018, Defendant filed a Response (# 10). On July 26, 2018, Plaintiff filed a "Respouses [sic] to Defendant's Motion" (# 11).

The Court is mindful that Plaintiff is a pro se litigant. Pro se pleadings are liberally

---

[1] Defendant's motion includes a Declaration from Terry Collins, Defendant's Employee Human Resource Manager who is employed at the plant location at 3010 Spartanburg Highway, East Flat Rock, North Carolina 28726. See Collins' Decl. (# 4-1) ¶ 1. When a defendant challenges a court's subject matter jurisdiction, the court may consider evidence outside the pleadings without turning the motion into a Federal Rule of Civil Procedure 56 proceeding. Richmond, Fredericksburg & Potomac R. Co. v. United States, 945 F.2d 765, 768 (4th Cir. 1991.)

construed and held to a less stringent standard than pleadings drafted by counsel. Erickson v. Pardus, 551 U.S. 89, 94 (2007). "While the courts liberally construe pro se pleadings as a matter of course, judges are not also required to construct a party's legal arguments for him." Small v. Endicott, 998 F.2d 411, 417-18 (7th Cir.1993) (internal citation omitted).

**II.     Factual Background**

The facts, as set forth in Plaintiff's Complaint, are as follows.[2] The discriminatory conduct of which Plaintiff complains includes: (a) unequal terms and conditions of his employment and (b) retaliation. Compl. (# 1) at 4. The alleged discriminatory acts occurred on September 15, 2017. Id. Defendant is not still committing the alleged discriminatory acts. Id. The instant employment discrimination action is brought pursuant to Title VII of the Civil Rights Act of 1964, as codified at 42 U.S.C. §§ 2000e to 2000e-17, and other federal law. Id. at 3.

As for Plaintiff's employment discrimination claim, he alleges that certain jobs at Defendant company are gender based. Id. at 4. On one hand, male employees are expected to perform every position. Attach. (# 1-2) at 1. On the other hand, females are not expected to do so. Id. For example, females are not expected to perform station housing positions and pack positions. Id.

With respect to Plaintiff's retaliation claim, he alleges that after reporting the situation to corporate Human Resources on November 9, 2017, Plaintiff's "job situation" was changed the following week. Id. Plaintiff was put on a housing job by himself, and he was given no rotation. Id. Plaintiff suffered pain and numbness in both hands and arms, and he was diagnosed with carpal tunnel syndrome. Id.

---

[2] When the Court addresses a Federal Rule of Civil Procedure 12(b)(1) motion to dismiss where the defendant challenges standing but does not dispute the jurisdictional facts alleged in the complaint, the Court must accept the facts of the complaint as true in the same manner as under Federal Rule of Civil Procedure 12(b)(6). Kenny v. Wilson, 885 F.3d 280, 287 (4th Cir. 2018).

On March 27, 2018, Plaintiff filed a charge with the Equal Employment Opportunity Commission ("EEOC") or his Equal Employment Opportunity counsel. Compl. (# 1) at 5. On April 6, 2018, Plaintiff received a Notice of Right to Sue letter from the EEOC. Id.

**II.     Legal Standard**

A motion to dismiss based on Federal Rule of Civil Procedure 12(b)(1) addresses whether the court has subject-matter jurisdiction to hear the dispute. See Fed. R. Civ. P. 12(b)(1); see also Arbaugh v. Y&H Corp., 546 U.S. 500, 514 (2006) (holding that a court "must dismiss the complaint in its entirety" when it lacks subject-matter jurisdiction over a matter). Where a defendant contends that a complaint fails to allege facts upon which the court can base subject-matter jurisdiction, the court, like ruling on a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), assumes as true the factual allegations in the complaint. Adams v. Bain, 697 F.2d 1213, 1219 (4th Cir. 1982). If, however, the defendant contends that the jurisdictional allegations contained in the complaint are false, the court may go beyond the allegations of the complaint and conduct an evidentiary hearing to determine if there are facts to support the court's exercise of jurisdiction over the dispute. Id.

**III.    Discussion**

    **A.    The parties' ADR agreement, which includes binding arbitration, is enforceable under the FAA.**

Defendant initially argues that the parties' Alternative Dispute Resolution ("ADR") Agreement, which includes binding arbitration, is enforceable under the Federal Arbitration Act, 9 U.S.C. § 1 et seq. ("FAA"). Def.'s Mem. Supp. (# 4-2) at 4-9. For the reasons outlined below, the Court agrees.

Pursuant to policy of the FAA, arbitration is favored. Geiger v. H&H Franchising Sys., Inc., No. 3:17-CV-00738-FDW-DSC, 2018 WL 3995953, at *1 (W.D.N.C. Aug. 20, 2018); see

3

Adkins v. Labor Ready, Inc., 303 F.3d 496, 500 (4th Cir. 2002) ("The FAA reflects 'a liberal federal policy favoring arbitration agreements.'") (quoting Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp., 460 U.S. 1, 24 (1983)). This policy reflects Congress's view that arbitration is more efficient than litigation. Adkins, 303 F.3d at 500 (citing Hightower v. GMRI, Inc., 272 F.3d 239, 241 (4th Cir. 2001)). The FAA specifically provides that

> [a] written provision in any maritime transaction or a contract evidencing a transaction involving commerce to settle by arbitration a controversy thereafter arising out of such contract or transaction, or the refusal to perform the whole or any part thereof, or any agreement in writing to submit to arbitration an existing controversy arising out of such a contract, transaction, or refusal, shall be valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract.

9 U.S.C. § 2.

Pursuant to the FAA, a court must stay any suit or proceeding pending arbitration of issues subject to arbitration under a written agreement. 9 U.S.C. § 3. "Notwithstanding the terms of § 3, however, dismissal is a proper remedy when all of the issues presented in a lawsuit are arbitrable." Choice Hotels Int'l, Inc. v. BSR Tropicana Resort, Inc., 252 F.3d 707, 709-10 (4th Cir. 2001) (citing Alford v. Dean Witter Reynolds, Inc., 975 F.2d 1161, 1164 (5th Cir. 1992)).

"In the Fourth Circuit, a litigant can compel arbitration under the FAA if he can demonstrate '(1) the existence of a dispute between the parties, (2) a written agreement that includes an arbitration provision which purports to cover the dispute, (3) the relationship of the transaction, which is evidenced by the agreement, to interstate or foreign commerce, and (4) the failure, neglect or refusal of the defendant to arbitrate the dispute.'" Adkins, 303 F.3d at 500-01 (quoting Whiteside v. Teltech Corp., 940 F.2d 99, 102 (4th Cir. 1991)).

In the instant case, with respect to the first element, the existence of the instant lawsuit demonstrates that there is a dispute between the parties. See Compl. (# 1). As for the fourth

4

element, Plaintiff specifically opposes Defendant's motion, which seeks to compel arbitration. See Pl.'s "Motion to Continue" (# 7, 9). The second and third elements require analysis, and the Court will address each in turn.

As for the second element, Defendant argues that the arbitration agreement with Plaintiff is in writing, but it was not actually signed by him. Def.'s Mem. Supp. (# 4-2) at 7. Defendant asserts that Plaintiff acknowledges attendance at the October 14, 2015 training session discussing the "Solutions" process,[3] including the condition that if Plaintiff continued working after being provided notice of the program, he would be bound by it. Id. at 7-8. The record reflects that Plaintiff continued his employment after the 2015 training session. See Collin's Decl. (# 4-1) Ex. A ¶ 13.

In opposition, Plaintiff argues that Defendant's motion should be denied for two reasons. See Pl.'s "Motion to Continue" (# 7). First, Plaintiff contends that there is no proof of a signed agreement. Id. at 1. Second, Plaintiff contends that Defendant failed to follow proper procedure. Id. For the reasons addressed below, the Court is not persuaded.

Defendant has presented evidence that demonstrates Plaintiff attended the October 14, 2015 meeting and signed off on his attendance at the meeting. See Collins' Decl. (# 4-1) Ex. 3. Moreover, in a filing directed to the Court, Plaintiff concedes the following: "On OCTOBER 14 2015 I do recall this meeting. I do recall signing EXHIBIT 3 document which to my knowledge was a notice and training not an agreement." Pl.'s "Motion to Continue" (# 7) at 2.

On July 14, 2009, "Solutions" was rolled out to all hourly employees. Collins' Decl. (# 4-1) Ex. A ¶ 8. All employees signed an attendance sheet. Id. Terry Collins ("Collins") specifically recalls Plaintiff being present but can no longer locate the sign-in sheet. Id.

---

[3] Defendant's ADR process is referred to as "Solutions." Collins' Decl. (# 4-1) Ex. A ¶ 2.

5

At the October 14, 2015 meeting, Collins explained the amended "Solutions" procedures to all hourly employees. Collins' Decl. (# 4-1) Ex. A ¶ 9. Employees, including Plaintiff, were provided the opportunity to ask questions, and copies of the new "Solutions" procedures were made available to employees. Id.

Defendant argues that the arbitration agreement between Plaintiff and Defendant is valid and enforceable. Def.'s Mem. (# 4-2) at 6-9. Defendant asserts that North Carolina law governs the outcome, but it admits in a footnote that "Solutions" provides that it "shall be construed, interpreted and applied in accordance with the law of the State of New York." Id. at 7 (citing Def.'s Mot. Dismiss (# 4); Collins' Decl. (# 4-1) Ex. A at 10). Defendant contends that the agreement with Plaintiff is in writing, and while not actually signed by Plaintiff, he admitted attendance at the October 14, 2015 training session, which was held solely to discuss the "Solutions" process. Id. at 7. Defendant concludes that Plaintiff continued his employment thereafter, and Plaintiff remains employed by Defendant today. Id. at 8.

When determining whether the parties have an enforceable agreement to arbitrate, courts apply state-law principles governing the formation of contracts. First Options of Chicago, Inc. v. Kaplan, 514 U.S. 938, 944 (1995). First, however, this Court must determine the state law applicable to this case. Defendant offers no specific argument on the issue, but it does proceed to analyze the case by applying North Carolina law. Def.'s Mem. (# 4-2) at 7.

In North Carolina, those "matters affecting the substantial rights of the parties are determined by lex loci, the law of the situs[4] of the claim, and remedial or procedural rights are determined by lex fori, the law of the forum." Boudreau v. Baughman, 368 S.E.2d 849, 853-54 (N.C. 1988). With respect to contracts, issues bearing on the parties' mutual assent are procedural

---

[4] The "situs" of a contract claim is usually "the state where the last act to make a binding contract occurred." Fortune Ins. Co. v. Owens, 526 S.E.2d 463, 466 (2000).

issues.  See Revels v. Miss Am. Org., 599 S.E.2d 54, 58 (N.C. Ct. App. 2004).  When the court must "interpret, construe, or otherwise determine the validity" of an agreement, such a determination is substantive and requires analysis under the law of the claim's situs.  Id.

In the instant case, the parties dispute whether there is a binding arbitration agreement between them.  See Def.'s Mem. (# 4-2) at 6; Pl.'s "Motion to Continue" (# 7).  Because this Court must determine the validity of the arbitration agreement, the law of the claim's situs, North Carolina, must apply.  The facts are more than sufficient to establish the arbitration agreement's validity under North Carolina law.  See Revels, 599 S.E.2d at 58.

In North Carolina, a valid contract requires (1) an offer, (2) acceptance, (3) consideration, and (4) no defenses to formation.  Hightower v. GMRI, Inc. 272 F.3d 239, 242 (4th Cir. 2001). In the instant case, Defendant provided valuable consideration to Plaintiff by agreeing to resolve covered claims, disputes, and controversies through binding arbitration.  See Howard v. Oakwood Homes Corp., 516 S.E.2d 879, 881 (N.C. Ct. App. 1999) ("Mutual binding promises provide adequate consideration to support a contract.  Where each party agrees to be bound by an arbitration agreement, there is sufficient consideration to uphold the agreement.").

The Court finds that Howard v. Oakwood Homes Corp., 516 S.E.2d 879 (N.C. Ct. App. 1999), is instructive.  In Howard, the North Carolina Court of Appeals held that the Plaintiff, who received a copy of the company's dispute resolution procedure in the mail and continued to work for less than three months after its effective date, was bound by the arbitration provision in the dispute resolution procedure.  Id. at 882.  The court determined that the Plaintiff was bound even though she did not actually sign the agreement.  Id. at 882-83.

In support of its holding, the court found that the Plaintiff had actual notice of the terms of the arbitration agreement, and she had previously submitted a claim for resolution under the

7

dispute resolution procedure. Id. at 882. The court further found that this evidence was "sufficient to show plaintiff knew that the terms of the [Dispute Resolution Program] would apply to her should she continue in her employment, and that by doing so, plaintiff mutually assented to the program." Id.; see also Hightower, 272 F.3d at 243 ("[U]nder North Carolina law, '[c]ontinued employment with actual notice of the implementation of a dispute resolution program evidences an employee's mutual assent to the binding arbitration agreement contained therein.'"); Cook v. General Elec. Co. GE Aviation, No. 5:09-CV-400-BO, 2010 WL 4885115, at *4 (E.D.N.C. Nov. 23, 2010) (same); King v. Oakwood Home, Inc., No. 1:99CV0059, 2000 WL 1229753, at *5 (M.D.N.C. Aug. 3, 2000) ("Continued employment with actual notice of the implementation of a dispute resolution program evidences an employee's mutual assent to the binding arbitration agreement contained therein.").[5]

The Court notes that Defendant's "Solutions" process has been upheld by other courts as an enforceable arbitration agreement under the law. See Romero v. GE Betz, Inc., CV-16-1356 FMO(JCx), 2016 WL 9138054, *5 (C.D. Ca. June 28, 2016) (finding that there was a valid agreement between the parties to arbitrate the disputes at issue.); Cook, 2010 WL 4885115, at *6 (granting defendants' motion to compel arbitration on the basis that all claims alleged in Plaintiff's complaint fell within the scope of the employment agreement and must be submitted for arbitration); Joyner Healthcare v. GE Healthcare, No. 4:08-2563-TLW-TER, 2009 WL 3063040, at *4 (D.S.C. Sept. 18, 2009) (concluding that Plaintiff's claims were subject to arbitration and not proper before the court.).

---

[5] The outcome would be the same if New York law applies to the Court's determination of whether the arbitration agreement was enforceable. See Josie-Delerme v. Am. Gen. Fin. Corp., No. 08-CV-3166 (NG), 2009 WL 2366591, at *3 (E.D.N.Y. July 31, 2009) (Pursuant to New York law, "the continuation of employment alone is sufficient consideration to enforce [a post-employment arbitration] agreement.") (quotation omitted).

Under the third element, Plaintiff's employment relationship with Defendant must involve interstate commerce. Pursuant to the FAA, "commerce" refers to "commerce among the several States." 9 U.S.C. § 1. The term "involving commerce" in the FAA is the "functional equivalent" of "affecting commerce," which are "words of art that ordinarily signal the broadest permissible exercise of Congress' Commerce Clause power." Citizens Bank v. Alafabco, Inc., 539 U.S. 52, 56 (2003). The FAA's reach extends to transactions "in individual cases without showing any specific effect upon interstate commerce if in the aggregate the economic activity in question would represent a general practice subject to federal control." Id. at 56-57 (internal quotation marks and citations omitted).

In the instant case, Defendant is a national power, lighting, and aviation company. Collins' Decl. (# 4-1) Ex. A ¶ 14. Defendant's employees, such as Plaintiff, often engage in interstate transactions as part of their job duties. Id. For example, Plaintiff works on products that are manufactured to be sold to customers and clients throughout the country. Id. In addition, the "Solutions" ADR program, to which Plaintiff is bound, contains a specific acknowledgement that the company "is engaged in transactions involving interstate commerce." Id. Ex. A at 14. Thus, Plaintiff's employment with Defendant involves interstate commerce under the FAA. See Citizens Bank, 539 U.S. at 56-57.

Consistent with the foregoing and the federal policy in favor of arbitration, Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp., 460 U.S. 1, 24-25 (1983), the Court concludes that the arbitration agreement between Defendant and Plaintiff is valid and enforceable under the FAA. The Court must now determine whether Plaintiff's claims fall within the scope of "Solutions".

**B.      Plaintiff's claims fall squarely within the scope of "Solutions".**

9

A court must compel arbitration when: "(i) the parties have entered into a valid agreement to arbitrate, and (ii) the dispute in question falls with the scope of the arbitration agreement." Chorley Enter., Inc. v. Dickey's Barbeque Rest., Inc., 807 F.3d 553, 563 (4th Cir. 2015); accord Adkins, 303 F.3d at 500-01. "[A]ny doubts concerning the scope of arbitrable issues should be resolved in favor of arbitration." Moses H. Cone Mem'l Hosp., 460 U.S. at 24-25; see Levin v. Alms & Assocs., Inc., 634 F.3d 260, 266 (4th Cir. 2011) ("The heavy presumption of arbitrability requires that when the scope of the arbitration clause is open to question, a court must decide the question in favor of arbitration.") (internal quotation marks omitted).

"Solutions" applies broadly to almost any type of employment-related dispute and includes employment-related discrimination claims. See Collins' Decl. (# 4-1) Ex. A at 7, 10. As noted, Plaintiff has asserted discrimination in violation of Title VII of the Civil Rights Act of 1964. See Compl. (# 1). Plaintiff has also asserted retaliation. See id. "Solutions" specifically applies to "[r]etaliation claims for legally protected activity and/or whistleblowing." See Collins' Decl. (# 4-1) Ex. A at 10.

### C. This case should be dismissed so the parties can go through the "Solutions" process, which includes binding arbitration.

Finally, Defendant argues that because all of Plaintiff's claims are subject to "Solutions," the Court should dismiss this lawsuit for lack of subject matter jurisdiction. Def.'s Mem. Supp (# 4-2) at 11-12. The Court agrees.

Plaintiff's claims should be dismissed, and Plaintiff should be directed to submit his claims to "Solutions". See Choice Hotels Int'l, Inc. v. BSR Tropicana Resort, Inc., 252 F.3d 707, 709-10 (4th Cir. 2001) ("[D]ismissal is a proper remedy when all of the issues presented in a lawsuit are arbitratable."); see also Mercury Constr. Corp. v. Moses H. Cone Mem'l Hosp., 656 F.2d 933, 939

10

n. 9 (4th Cir. 1981) (recognizing that the court should "avoid reaching the merits of arbitratable issues.").

## IV. Conclusion

Considering the foregoing, the Court RECOMMENDS that Defendant's Motion to Dismiss and to Compel Arbitration (# 4) be GRANTED, and Plaintiff be directed to submit his claims to "Solutions," which includes binding arbitration. The Court further RECOMMENDS that Plaintiff's "Motion to Continue Case" (# 9) be DENIED.

Signed: September 29, 2018

Dennis L. Howell
United States Magistrate Judge

## **Time for Objections**

The parties are hereby advised that, pursuant to Title 28, United States Code, Section 636(b)(1)(C), and Federal Rule of Civil Procedure 72(b)(2), written objections to the findings of fact, conclusions of law, and recommendation contained herein must be filed within **fourteen** (**14**) days of service of same. **Responses to the objections must be filed within fourteen (14) days of service of the objections.** Failure to file objections to this Memorandum and Recommendation with the presiding District Judge will preclude the parties from raising such objections on appeal. See Thomas v. Arn, 474 U.S. 140, 140 (1985); United States v. Schronce, 727 F.2d 91, 94 (4th Cir. 1984).